IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Orlando Shiver, # 344878**, ) | Civil Action No. 9:14-4412-BHH-BM | |
| ) | | |
| Petitioner, ) | | |
| ) | **ORDER** | |
| v. ) | **AND** | |
| ) | **REPORT AND RECOMMENDATION** | |
| **Warden of Kirkland Correctional** ) | | |
| **Institution,** ) | | |
| ) | | |
| Respondent. ) | | |
| _____) | | |

The pro se Petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2254. On March 10, 2015, the Respondent filed a motion for summary judgment. As the Petitioner is proceeding pro se, a Roseboro Order was entered by the Court on March 11, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to file a properly supported response, the Respondent's motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Petitioner has failed to respond to the motion, or to contact the Court in any way.

Based on the foregoing, the undersigned finds that Petitioner meets all of the criteria for dismissal under Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982).[1] Accordingly,

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Respondent is suffering prejudice due to having to expend time and resources on a case in which the Petitioner is unresponsive, and no sanctions other than dismissal appear to exist as the Petitioner is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.



it is recommended that this action be dismissed with prejudice for lack of prosecution.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Petitioner at his last known address.  If the Petitioner notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a response to the motion for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 21, 2015
Charleston, South Carolina

---

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order.  See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

