UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Shiver, #344878,<br><br>                Petitioner,<br>vs.<br><br>Warden of Kirkland Correctional Institution,<br><br>                Respondent. | Civil Action No.: 9:14-4412-BHH<br><br><u>**Opinion and Order**</u> |

Petitioner, Orlando Shiver, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Marchant recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 33.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On January 26, 2016, the Magistrate Judge issued a Report; and on February 8, 2016, Petitioner filed his Objections.[1] (ECF No. 35.) Having

---

[1] The Magistrate Judge had previously issued a Report on April 21, 2015, recommending that the Court dismiss this action for failure to prosecute. (ECF No. 22.) Petitioner then filed objections on May 4, 2015, stating that he filed a response in opposition to Respondent's motion for summary judgment with the Clerk of Court for Richland County instead of the Clerk of Court for the United States District Court of South Carolina. (ECF No. 24.) The Magistrate Judge then vacated the January 5, 2016 Report (ECF No. 26) and issued the instant Report on January 26, 2016.

carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Grounds One and Two fail on their merits and the Court agrees. These claims allege ineffective assistance of counsel and involuntary

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

guilty plea. (ECF No. 1 at 6, 8.) The Magistrate Judge thoroughly discussed the state court's treatment of these claims and correctly concluded that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 33 at 5–22.)

The Court further agrees with the Magistrate Judge's finding that Ground Three was procedurally defaulted. In his thorough thirty-one page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had not demonstrated prejudice. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–21 (2012); *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of this claim and, therefore, is unable to review Ground Three under § 2254.

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. Petitioner's filing argues that "the state" incorrectly states certain facts and offers his version of the facts at issue. (ECF No. 35 at 1–5.) It is unclear whether "the state" refers to the post-conviction relief ("PCR") court or the Magistrate Judge. According the requisite liberal construction, the Court assumes that Petitioner is referring to alleged errors made by the Magistrate Judge and conducts *de novo* review of the objections.

Petitioner offers his version of his altercation with his ex-wife, Felicia Shiver, which led to his current imprisonment. (*Id.*) Petitioner argues, *inter alia*, that he never

3

hit Mrs. Shiver with the coffee table or a dumbbell and they were never in the bathroom. (*Id.* at 2–4.) He further contends that he never told Mrs. Shiver he was going to kill her. Petitioner also contests the finding that he "knowingly and voluntarily pled guilty." (*Id.* at 2.) Petitioner argues that he was forced to plead guilty and that his plea counsel did not explain the details of the plea until the day of the plea hearing. (*Id.* at 2–3.) Relatedly, he asserts that the state incorrectly stated that plea counsel "was effective in assisting [Petitioner] and that [he] did not raise[] all of [his] grounds in [his] PCR evidentiary hearing." (*Id.* at 3.)

The Magistrate Judge exhaustively recounted the record before the Court. He noted Mrs. Shiver's testimony at the plea hearing that Petitioner "beat[] her on the back of the head with the coffee table." (ECF No. 33 at 28.) The Magistrate Judge also recounted the Solicitor's statements at the plea hearing that

> the altercation eventually ended up with Mrs. Shiver being placed in a bathroom closet. The child [Mrs. Shiver's 22-month old grandchild] was also in the bathroom, and the Petitioner poured vodka over both of them all while telling Mrs. Shiver that he was going to kill her and the child and for her not to leave the bathroom because he was going to get a match. Mrs. Shiver tried to flee, but Petitioner caught her and tried to choke her, eventually dragging Mrs. Shiver to the bottom of a staircase where he used a 10-pound dumbbell to smash her face and cause major lacerations.

(*Id.* at 13–14; 18-1 at 9–10.) The solicitor further stated that Petitioner spoke to his aunt on the telephone during the altercation, "telling her that if she could not say anything to stop him that he was going to kill Mrs. Shiver and the child." (ECF Nos. 33 at 14; 18-1 at 10–11.) At the plea hearing, plea counsel told the court that Petitioner "had large gaps in his recollection of what happened, and that he did not have any

recollection of the alcohol or striking the child." (ECF Nos. 33 at 15; 18-1 at 23.) Additionally, during the PCR hearing, Petitioner admitted on cross-examination that he told his counsel that he told his aunt on the phone during the altercation that he was going to kill Mrs. Shiver. (ECF Nos. 33 at 17; 18-1 at 73.) Petitioner testified that Mrs. Shiver fell down the stairs and landed on the dumbbell. (ECF Nos. 33 at 17; 18-1 at 64.)

The Magistrate Judge also considered the testimony at the PCR hearing regarding Petitioner's claims for ineffective assistance of counsel and involuntary plea. He noted, *inter alia*, Petitioner's testimony that when he was transported to the courthouse on the day of the plea, he did not know that he was going to court and told his counsel that he did not want to plead and wanted to go to trial. (ECF Nos. 33 at 17; 18-1 at 68.) Petitioner testified that his plea counsel told him he could not argue his case, and since Petitioner knew that he would be found guilty if his counsel did not argue it, he agreed to plead guilty. (ECF Nos. 33 at 17; 18-1 at 68–69.)

After careful consideration, the Magistrate Judge correctly found that "[t]here is nothing in this record which establishes any entitlement to relief" on Grounds One and Two. (ECF No. 33 at 18.) He deferred to the PCR court's finding that Petitioner's counsel was credible on these issues and Petitioner was not credible. (*Id.*) He found "it is clear in the record that the plea court [] went over Petitioner's rights and potential sentences with him prior to the acceptance of the plea, following which Petitioner admitted he had committed the crime and entered his plea of guilty." (*Id.* at 19.) The

Court finds no error in the Magistrate Judge's discussion and conclusions on Grounds One and Two and overrules Petitioner's objections here.

Petitioner's objection that the state incorrectly stated that "[he] did not raise[] all of [his] grounds in [his] PCR evidentiary hearing" relates to Ground Three. (ECF No. 35 at 3.) Ground Three alleges that Petitioner was wrongfully charged with assault/battery with intent to kill Mrs. Shiver and her grandchild. (ECF No. 1 at 9.) Here, the Magistrate Judge first found that Petitioner failed to raise this issue in either a direct appeal or in his PCR proceedings and this ground was therefore procedurally barred. (ECF No. 33 at 22.) Petitioner objects that it was up to his PCR counsel to raise all of his claims. (ECF No. 35 at 4.) However, the Magistrate Judge found the *Martinez*[3] exception did not apply to Petitioner's claim here because this claim targets the actions of the prosecutor, not an underlying ineffective assistance of counsel claim. *See Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013) (under the first requirement of the *Martinez* exception, a petitioner must "demonstrate that the underlying *ineffective-assistance-of-trial-counsel* claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit") (emphasis added).

The Magistrate Judge further found that Petitioner could not show any ineffectiveness of appellate counsel for failure to raise this issue on direct appeal. (ECF No. 33 at 27.) He also found that even if the claim was not procedurally barred, it failed on the merits. (*Id.* at 28.) Specifically, he found that Petitioner has not shown the necessary prejudice to succeed on this claim because the record contains evidence

---

[3] In *Martinez v. Ryan*, 132 S.Ct. 1309, 1318–19 (2012), the Supreme Court found that a petitioner's claim of ineffective assistance of PCR counsel could constitute cause for the procedural default of his ineffective assistance of trial counsel claim.

6

that Petitioner threatened to kill Mrs. Shiver and her grandchild. Finally, the Magistrate Judge found that to the extent Petitioner alleges an "actual innocence" claim, Petitioner failed to present any new evidence that supports his innocence. (ECF No. 33 at 29); *see House v. Bell*, 547 U.S. 518, 538 (2006) (under actual innocence exception to procedural bar rule, habeas petitioner must establish that "more likely than not, in light of [] new evidence, no reasonable juror would find him guilty beyond a reasonable doubt"). The Court finds no error in the Magistrate Judge's findings on Ground Three and overrules Petitioner's objections here.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 17) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice.*

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is

debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks<br>United States District Judge

April 20, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.